The Honorable Allen Gordon State Senator Box 558 Morrilton, Arkansas 72110
Dear Senator Gordon:
This is in response to your request for an opinion on two questions concerning the creation of public facilities boards, particularly for the providing of waterworks facilities, under Act 142 of 1975, codified at A.C.A. §§ 14-137-101—123 (1987 and Cum. Supp. 1991). Specifically, your two questions are as follows:
 1. Can a quorum court create a public facilities board for that purpose which covers only a portion of the county as identified by a map attached as an exhibit to the ordinance?
 2. Assuming such a board is created, does it have the exclusive control over the delivery of those services within the designated geographic area? In other words, if the public facilities board promulgates a plan for a water distribution system within that area, is another utility precluded from providing competing services in the same area?
It is my opinion that the answer to your first question is "yes." Counties are authorized to create public facilities boards for, among other things, the providing of "waterworks facilities." A.C.A. § 14-137-106(a)(1) (Cum. Supp. 1991). Section14-137-107(a)(2)(B) provides that the ordinance creating the board "[m]ay place specific limitations on the exercise of the powers granted, including limitations on the board's area ofoperations. . . ." (Emphasis added.) It is therefore my opinion that the answer to your first question is "yes."
It is my opinion, in response to your second question, that nothing in A.C.A. §§ 14-137-101—123 gives a public facilities board exclusive authority to provide the services in question. Whether another utility is precluded from providing services to the area, however, may depend upon several factors other than the mere creation of the public facilities board, including any relevant ordinances as to exclusivity, any exercise by the county of the power of condemnation in favor of the board (see A.C.A. §14-137-112 (Cum. Supp. 1991)), and the implementation and legality of such actions. The resolution of the ultimate question of exclusivity of services will thus involve myriad factual issues which this office is not in a position to determine. The advice and counsel of the county attorney on this point would therefore be indicated.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh